## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **STEVEN K. SCHREURS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.    20-2173 |
| | ) |
| **PETE'S OF ERIE, INC.,** | ) |
| | ) |
| Serve: | ) |
| Registered Agent | ) |
| 1712 Broadway | ) |
| Parsons, Kansas 67357 | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

COMES NOW Plaintiff, by and through the undersigned counsel, and for his cause of action against Defendant, states and alleges as follows:

1. Plaintiff is a citizen and resident of Peculiar, Missouri.

2. Defendant is a Kansas for-profit corporation.

3. The bodily injury claim alleged herein arose at Defendant's convenience store located at 5005 Parkview Drive, Frontenac, Kansas 66763.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C, §1332 in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs and the parties are citizens of different States.

5. On August 30, 2018, at approximately 9:30 a.m., Plaintiff, a business invitee of Defendant's convenience store, was exiting his vehicle when he was caused to slip and fall on a dangerous condition of Defendant's premises.

6. The parking lot area directly in front of Defendant's convenience store where Plaintiff was caused to slip and injure himself was wet from rain and was particularly slippery because it was a polished concrete surface lacking a broom finish.

7. Defendant or its agents created or maintained the dangerous condition and thus Defendant's knowledge of the condition is implied.

8. Alternately, Defendant had actual knowledge of the condition, or the condition had existed for such a length of time that in the exercise of reasonable care Defendant should have known of it.

9. Defendant failed to remedy or warn patrons of the dangerous condition.

10. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of Defendant, Plaintiff suffered a left trimalleolar ankle fracture, requiring open reduction internal fixation, and has endured great pain and suffering and is reasonably certain to endure great pain and suffering into the future.

11. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has incurred medical expenses and is reasonably certain to incur additional medical expenses into the future.

12. As a direct and proximate result of the negligence of Defendant, Plaintiff has had his ability to enjoy life diminished and is reasonably certain to have his ability to enjoy life diminished into the future.

13. As a direct and proximate result of the negligence of Defendant, Plaintiff has incurred loss of income and is reasonably certain to incur loss of income into the future.

14. All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive.

WHEREFORE, Plaintiff requests judgment against Defendant for damages in excess of the jurisdictional minimum along with costs of suit, and such other and further relief as the Court may deem proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

**TIMOTHY P. PRICE, PC**

*/s/ Tim Price*

TIMOTHY P. PRICE (KS# 20644)
2880 NE Kendallwood Parkway, Suite 1
Gladstone, MO 64119
Phone: (816) 897-7411
Fax: (816) 332-6372
Email: tprice@tpricelawfirm.com

**ATTORNEY FOR PLAINTIFF**